UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 06-80021-Cr-Hurley/Vitunac

UNITED STATES OF AMERICA,

vs.

ERIC MARABINI,

        Defendant.
_____/

FILED by ___ D.C.
DEC 27 2006
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on an order of reference from United States District Judge Daniel T. K. Hurley for an evidentiary hearing and for proposed findings and recommended disposition (DEs 59, 61–62). The following motions are currently pending before the Court:

(1)     Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt (DE 46), filed by the Government on July 20, 2006;

(2)     Response to Motion for Order to Show Cause and Motion to Strike (DE 48), filed by Third-Party Carol Torres on August 18, 2006;

(3)     Motion for Clarification (DE 51), filed by Third-Party Carol Torres on September 22, 2006;

(4)     Motion for the Return of Personal Property (DE 52), filed by Defendant on September 26, 2006;

(5)     Petition for Hearing to Adjudicate Validity of Interest in Property (DE 54), filed by Claimant World Savings Bank, FSB on October 5, 2006; and

(6)     Request for Oral Argument (DE 62), filed by Third-Party Carol Torres on November 9, 2006.

Defendant filed a memorandum in opposition to the Government's motion for order to show cause. (DE 47). The Government failed to file memoranda in opposition to the motions filed

by Third-Party Carol Torres. It did, however, file a response (DE 60) to this Court's Order to Show Cause Why Carol Torres's Motion for Clarification Should not be Granted (DE 57) on October 30, 2006. The Government also filed an opposition to Defendant's motion for return of personal property. (DE 70). Finally, the Government and Claimant World Savings Bank, FSB filed a Stipulated Expedited Settlement Agreement on December 5, 2006. (DE 68). The Court conducted a hearing on December 20, 2006. (DE 72). This matter is now ripe for review.

### The Government's Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt

On July 20, 2006, the Government filed a motion asking this Court to issue an order to show cause why the Defendant should not be held in civil contempt for his failure to do what he represented he would do during the June 30, 2006 sentencing hearing (the "Motion for Order to Show Cause"). (DE 46). The Government also issued a non-party subpoena directing the custodian of records and client trust account of David G. Vinikoor, P.A. to produce all documents and correspondence related to any funds meant to satisfy the Defendant's forfeiture obligation, and any such funds in the possession of David G. Vinikoor, P.A. held for such purpose. (DE 48 [Ex. B]).

According to the Government, Defendant's counsel, David Vinikoor, Esq. ("Vinikoor"), received two checks from Defendant's fiancé and parents in the total amount of $140,000.00, deposited them into his trust account and, at the June 30, 2006 sentencing hearing, represented to the Court that Defendant would execute a transfer of title of his property to his fiancé and his parents in exchange for the $140,000.00, which would be used to satisfy his forfeiture obligation to the United States. (DE 46 at 1–4). The Government claims that Defendant failed to execute a quit claim deed to his property and,

2

therefore, argues that he should be held in contempt and coerced to execute the quit claim deed as promised.

### Defendant's Response to Motion for Order to Show Cause

The Defendant argues that the Motion for Order to Show Cause should be denied because he "has been incarcerated since the date of his sentencing and lacked the ability to arrange for and execute the intended title transfer." (DE 47 at 1). He contends that he has always been ready and willing to execute the title transfer and (at that time of filing the response) was still prepared to do so. Finally, Defendant argues that he has no control over the actions of his fiancé and parents and, therefore, should not be held in contempt because of their decision to withdraw their offer to loan him $140,000.00.

### Torres's Response to Motion for Order to Show Cause and Motion to Strike

Third-Party Carol Torres ("Torres") filed a response to the Motion for Order to Show Cause, and entitles the response as a "Motion to Strike." (DE 48). She claims that, "[a]lthough this is strictly a civil matter between the Defendant and Movant, the [Government], intentionally or otherwise, has injected itself into the fray by virtue of the Subpoena . . . , putting Attorney Vinikoor in a position where he has refused to return Movant's $70,000.00 to her." (Id. ¶ 6). Consequently, Torres asks the Court to enter an order directing Vinikoor to return the funds. (See id.).

### Torres's Motion for Clarification and Request for Oral Argument

On August 31, 2006, the District Court issued an Amended Order of Forfeiture. (DE 50). This order amended the Preliminary Order of Forfeiture by including Defendant's interest in the property located at 1239 Bay View Way, Wellington, Florida as a substitute asset to satisfy the forfeiture money judgment. (See id. at 2).

3

Upon receipt of the Amended Order of Forfeiture, Torres filed a Motion for Clarification (DE 51) and Request for Oral Argument (DE 62). She renews her previous request for an order directing Vinikoor to return the funds that have been deposited into his trust account (DE 51 ¶ 4), and asks the Court to schedule a hearing on the Motion for Order to Show Cause as soon as possible (DE 62 at 2).

### The Government's Response

In its response to the Motion for Clarification, the Government opposes the relief requested by Torres, arguing that she lacks standing to the extent she seeks clarification of the order of forfeiture. (DE 60 ¶ 4). The Government argues further that, in the event the Court grants its pending motion for order to show cause why the Defendant should not be held in contempt of court for alleged failures to abide by an order of court and violations of a plea agreement (DE 46), the funds "may provide a means for the defendant to purge himself of the contempt." (DE 60 ¶ 6). Notwithstanding, the Government admits that it does not possess the funds claimed by Torres, and has neither sought to forfeit those funds nor instructed Vinikoor to do anything with respect to the funds. (See id. ¶¶ 4–5).

### Defendant's Motion for the Return of Personal Property

Defendant, who is represented by counsel, filed a *pro se* motion asking this Court to immediately return his personal property to the custody of his fiancé, including two computers and paper documentation. (DE 52). He contends that "[t]hese personal assets are not in question regarding any forfeiture status." (Id.). The Court construes this request as a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure.

## The Government's Response

The Government opposes this request for relief, arguing, among other things, that the computers and documentary evidence were properly seized as "evidence of a crime" and, therefore, should not be returned until it is no longer needed as evidence. (DE 70 at 2). See, e.g., United States v. Wacker, 903 F. Supp. 1412, 1414 (D. Kan. 1995) ("[T]he government can keep seized property until all the proceedings are finished."). It maintains that the proceedings in this case have not concluded, noting further that Defendant has not appealed his conviction and that "the time for relief pursuant to 28 U.S.C. § 2255 has not yet run." (DE 70 at 2).

## Claimant World Savings Bank, FSB Petition for Hearing to Adjudicate Validity of Interest in Property

Claimant World Savings Bank, FSB ("WSB") petitions this Court for a hearing to adjudicate the validity of its interest in the property located at 1239 Bay View Way, Wellington, Florida and subject to the Amended Order of Forfeiture. (DE 54).

## The Evidentiary Hearing

The following facts are derived from the proffers of evidence made by counsel during the December 20, 2006 evidentiary hearing, and supplemented by the relevant pleadings where appropriate.

Defendant Eric Marabini was charged by Information with: (1) conspiracy to distribute and to possess with intent to distribute anabolic steroids in violation of Title 21, United States Code, Section 841(a)(1), all in violation of Title 21, United States Code, Section 846; and (2) the distribution of human growth hormone in violation of Title 21, United States Code, Section 333(e)(1), and Title 18, United States Code, Section 2. (DE

12). The Information also contained a count for criminal forfeiture. (See id. at 2–3).

On January 6, 2006, Defendant appeared for his initial appearance and was ordered to comply with special conditions of release, including the condition that he "[m]ay not sell property." (DEs 2–7). The Defendant's conditions of release were modified on two occasions (DEs 9, 20), but the prohibition against the sale of property remained in effect.

On or about February 13, 2006, the Government and Defendant entered into a Plea Agreement. (DE 22). The Defendant agreed to, inter alia, forfeit the sum of $150,000.00 in U.S. currency, to be paid in two installments. (See id. ¶ 9). With respect to the first installment, Defendant agreed to surrender $10,000.00 at the time of plea. (See id.). With respect to the second installment, Defendant agreed to "sell . . . property located at 1239 Bay View Way, Wellington, Florida, and pay to the United States the remaining $140,000.00 from the proceeds from the sale of the property in lieu of the forfeiture of the property." (See id.). The plea agreement is silent regarding any deadline to sell the property or to remit the $140,000.00 payment.

On April 6, 2006, Defendant entered a plea of guilty as to all counts of the Information. (DE 29). The parties, however, revised the plea agreement so that the first installment of $10,000.00 due at the time of plea would be made in two payments as follows: a check in the amount of $5,000.00 within one week of the plea and a second check in the amount of $5,000.00 within one month of the plea. (DE 30 ¶ 9). The Defendant's obligation to sell his property and then pay the remaining $140,000.00 from the proceeds of such sale remained unchanged. (See id.). Sentencing was scheduled for June 30, 2006. (DE 31).

Defendant paid the first installment, totaling $10,000.00, toward the $150,000.00 obligation. (DEs 44–45; DE 46 ¶ 3). According to Vinikoor, concerns arose prior to sentencing regarding Defendant's ability to satisfy his forfeiture obligation and the Government's willingness to move for a reduction in sentence pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), based on Defendant's substantial assistance to authorities.

In an attempt to assist Defendant in satisfying the remainder of his forfeiture obligation and to motivate the Government to look "more favorably" upon recommending a reduced sentence, Carol Torres ("Torres"), Defendant's mother, and Angela Maiorino ("Maiorino"), Defendant's fiancé, each offered to loan $70,000.00 to the Defendant (for a total of $140,000.00) on the condition that Defendant transfer title of the property located at 1239 Bay View Way, Wellington, Florida into their names. (DE 46 ¶ 6 [Ex. A–E]). Torres and Maiorino gave the funds to Vinikoor, who in turn deposited the funds into a trust account. (See id. [Ex. A]). They authorized Vinikoor to disburse the funds to the United States "upon the execution of [the] title change."[1] (Id. (quoting Ex. A)).

According to Vinikoor, neither he nor the Government anticipated that the District Court would remand Defendant into custody at the sentencing hearing. The record demonstrates that Vinikoor actually intended to request at sentencing "that the bond

---

[1] Vinikoor and James S. Telepman, Esq., counsel for Torres, confirmed the terms of Torres' offer to loan $70,000.00 to Defendant at the December 20, 2006 evidentiary hearing. Vinikoor also explained that Torres memorialized the terms of her offer in writing and signed it on June 29, 2006. A copy of this document was not introduced into the record as an exhibit. Nevertheless, Vinikoor read the terms of the document into the record, confirming that Torres authorized him to disburse the funds to the United States "upon execution of transfer" of title.

condition that prevents [Defendant] from selling or encumbering his residence . . . be deleted so that he may transfer title to his fiancé and parents." (DE 46 (quoting Ex. A)).

On June 30, 2006, the District Court sentenced Defendant to sixteen months imprisonment, to be followed by three years supervised release, and pronounced Defendant's forfeiture obligation pursuant to the plea agreement. (DEs 41–42). During the December 20, 2006 hearing, Vinikoor explained that he represented to the District Court at the sentencing hearing that Torres and Maiorino had advanced $70,000.00 each to Defendant and that these funds were being held in trust. However, Vinikoor could not confirm whether he also advised the District Court that he was only authorized to disburse the funds to the United States upon the execution of a title change.[2]

Defendant was immediately remanded into custody of the United States Marshal. (DE 41). According to Vinikoor, this created problems with Defendant's ability to transfer title of his property. Attempts were made to effect the title transfer while Defendant was incarcerated in the Palm Beach County jail. (See also DE 46 [Ex. B]). However, that facility would only permit documents to be mailed to inmates. (See id.). Consequently, Defendant failed or was unable to transfer title.

Torres and Maiorino ultimately asked Vinikoor to return the funds. (DE 46 ¶ 11 [Ex. B–D]). Vinikoor advised the Government of this development and asked if there were any reason why he should not return the funds. The Government did not provide Vinikoor with an immediate response.

---

[2] The transcript of the June 30, 2006 sentencing hearing has not been introduced into the record.

Vinikoor returned $70,000.00 to Maiorino on or about July 17, 2006. (See id. ¶ 12 [Ex. E]). As of the December 20, 2006 hearing, Vinikoor had not returned the $70,000.00 to Torres (the "Disputed Funds"). The Court asked the Government if it had any right to claim the $70,000.00 allegedly belonging to Torres, and the Government conceded that it did not. The Court also asked the Government if it had any facts that contradicted Vinikoor's proffer, and the Government represented that it did not.

## Discussion

The Government, Defendant, Torres and WSB have moved for separate and distinct types of relief. For the sake of simplicity, the Court will address each request for relief by party or non-party.

### The Government's Motion for Order to Show Cause Why Defendant Should Not Be Held in Contempt

On August 31, 2006, the Court entered an amended order of forfeiture, forfeiting the Defendant's interest in the property located at 1239 Bay View Way, Wellington, Florida, to the United States to partially satisfy the original $150,000.00 forfeiture obligation. (DE 50). The U.S. Marshals Service seized the property on October 11, 2006. (DE 55). The District Court issued a Final Order of Forfeiture on December 21, 2006, explaining that the Government has obtained "clear title to the property" forfeited to the United States. (DE 73 at 3).

In this case, the Defendant cannot be coerced to execute a quit claim deed to the property because he no longer owns the property. The Defendant cannot be held in contempt of court at this time for failure to satisfy the remaining $140,000.00 forfeiture obligation because this matter is not ripe. Indeed, the plea agreement fails to set forth a

specific deadline to satisfy the remaining $140,000.00 forfeiture obligation and the Defendant is currently incarcerated. That the Government asserts the forfeited property is no longer worth $140,000.00 is not grounds to hold the Defendant in contempt nor to seize money that does not belong to the Defendant. The Government drafted the plea agreement and struck a bad bargain. The Government could have required payment of the $140,000.00 at the time of the plea or payment before sentencing, but did not. It's attempt to use the threat of contempt to cure the defects of a bad bargain falls on deaf ears. Accordingly, the Government's Motion for Order to Show Cause (DE 46) should be DENIED.

Finally, the undersigned notes that the issue regarding whether Vinikoor properly advised the District Court at the June 30, 2006 sentencing hearing about all of the terms and conditions of Torres and Maiorino's offer to loan $140,000.00 to the Defendant, including the condition that Vinikoor was only authorized to disburse the fund to the Government upon the execution of a title transfer, may be a matter that should be addressed by the District Court.

### Defendant's Motion for the Return of Personal Property

Defendant's counsel, David G. Vinikoor, Esq., advised the Court during the hearing that, because the motion for return of personal property was filed *pro se*, he has not participated in, and would not participate in, the motion's disposition. The Defendant, on his own behalf, did not offer any additional reasons why he is entitled to the return of his personal property at this time. The Government rested on the arguments raised in its opposition.

After a careful review of the record and applicable law, the Court concludes that Defendant has failed to demonstrate that he is currently entitled to lawful possession of the property. See, e.g., United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) ("If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property.") (citing United States v. Martinson, 809 F.2d 1364, 1369 (9th Cir.1987)). Indeed, because the proceedings in this case have not concluded, the Government's need for the property as evidence continues. See Wacker, 903 F. Supp. at 1414. Accordingly, the Motion for the Return of Personal Property (DE 52) should be DENIED without prejudice.

Torres's Response to Motion for Order to Show Cause and Motion to Strike

Torres, a non-party, is attempting to obtain relief in this criminal matter, but fails to cite any rule of procedure, statute or case explaining why she is entitled to intervene and, if so, whether such relief is appropriate under the circumstances. The failure to file a memorandum of law may be deemed sufficient cause for denying a motion by default. See S.D. FLA. LOC. R. 7.1(A)(1) (explaining that "[e]very motion when filed shall include or be accompanied by a memorandum of law citing supporting authorities," except for certain enumerated motions); S.D. FLA. LOC. R. 88.9(A) ("Motions in criminal cases are subject to the requirements of, and shall comply with, Local Rule 7.1 . . . ."). Notwithstanding, the Court elects to address each motion on the merits.

11

Because Torres attributes Vinikoor's refusal to return the Disputed Funds to the non-party subpoena issued by the Government,[3] the undersigned construes the Response to Order to Show Cause and Motion to Strike as a motion to quash under Rule 17(c) of the Federal Rules of Criminal Procedure. The general rule is that a party "lacks standing to challenge a subpoena issued to a third-party witness absent a claim of privilege or a proprietary interest in the subpoenaed matter." United States v. Nachamie, 91 F. Supp. 2d 552, 558–61 (S.D.N.Y. 2000) (concluding the government lacked standing to move to quash non-party subpoenas).

Torres is not a party to these proceedings and she is not the person served with the subpoena. Therefore, because Torres lacks standing to move to quash the subpoena in this case on behalf of the custodian of records and client trust account for David G. Vinikoor, P.A., the Response to Motion for Order to Show Cause and Motion to Strike (DE 48), construed as a motion to quash, should be DENIED.

### Torres's Motion for Clarification and Request for Oral Argument

This is a criminal forfeiture action in which the Government seeks a final order of forfeiture as to Defendant's interest in property located at 1239 Bay View Way, Wellington, Florida. "[A] party seeking to challenge the government's forfeiture of money or property used in violation of federal law must first demonstrate an interest in the seized item sufficient to satisfy the court of its standing to contest the forfeiture." United States v.

---

[3] In other words, but for the subpoena, Vinikoor would have already returned the Disputed Funds.

12

$364,960.00 in U.S. Currency, 661 F.2d 319, 326 (5th Cir. Unit B 1981),[4] quoted in United States v. Five Hundred Thousand Dollars, 730 F.2d 1437, 1439 (11th Cir. 1984). "One must claim an ownership or possessory interest in the property seized." Five Hundred Thousand Dollars, 730 F.2d at 1439 (citing United States v. $15,500.00, 558 F.2d 1359, 1361 (9th Cir.1977)). "The burden of establishing standing in forfeiture proceedings is on the claimant." Id. (citing $364,960.00 in U.S. Currency, 661 F.2d at 326).

In this case, Torres does not claim or assert a legal interest in the property that is currently subject to criminal forfeiture. She merely seeks an order directing Vinikoor to release the Disputed Funds that have been deposited into his trust account. (DE 51 ¶ 4).

The Disputed Funds were offered during the negotiations of a private agreement between Torres and her son. (DE 48 ¶ 4). Thus, from what can be discerned from the Motion for Clarification, Torres is asking the Court to resolve a civil dispute between two individuals who are not parties to this criminal action. Torres is also asking the Court to resolve an issue which involves funds that are not subject to criminal forfeiture. Indeed, the Disputed Funds are not even identified in the Information as property subject to criminal forfeiture. The Government has not submitted any evidence demonstrating otherwise,[5]

---

[4] In Bonner v. City of Prichard, 661 F .2d 1206,1207 (11th Cir . 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

[5] The Government claims that it issued a non-party subpoena directing Vinikoor to bring the funds to an evidentiary hearing on its motion for order to show cause because it "believes that defendant Marabini and his mother jointly reneged on their agreement [which constitutes] contempt of the Court's Order" and "those funds may be necessary for the defendant to purge his contempt." (DE 60 ¶ 5). However, the Government fails to identify the "order" that it is referring to and fails to explain how this Court can hold Torres in contempt of such order for allegedly withdrawing an offer to loan $70,000.00 to the
(continued...)

13

and represented at the evidentiary hearing that it was not claiming a right to the Disputed Funds.

This is not the appropriate forum to resolve a civil dispute between Torres and Vinikoor involving funds that are not subject to criminal forfeiture. Torres does not have standing to challenge or seek clarification of the Amended Order of Forfeiture. See, e.g., Five Hundred Thousand Dollars, 730 F.2d at 1439–40. Accordingly, because Torres lacks standing, the Motion for Clarification (DE 51) should be DENIED and the Request for Oral Argument (DE 62) should be DENIED as MOOT.

### Claimant World Savings Bank, FSB Petition for Hearing to Adjudicate Validity of Interest in Property

On December 5, 2006, the Government and WSB filed a Stipulated Expedited Settlement Agreement (the "Settlement Agreement"). (DE 68). The District Court issued a Final Order of Forfeiture approving the Settlement Agreement on December 21, 2006. (DE 73 at 3). Therefore, WSB's Petition for Hearing to Adjudicate Validity of Interest in Property (DE 54) should be DENIED as MOOT.

### Recommendation to the District Court

Based on the foregoing reasons, this Court RECOMMENDS the following to the District Court: (1) the Motion for Order to Show Cause (DE 46) be DENIED; (2) the Response to Motion for Order to Show Cause and Motion to Strike (DE 48), construed as a motion to quash, be DENIED; (3) the Motion for Clarification (DE 51) be DENIED; (4) the Motion for the Return of Personal Property (DE 52) be DENIED without prejudice; (4) the

---

[5](...continued)
Defendant on the condition that he transfer title of real estate into her name.

Petition for Hearing to Adjudicate Validity of Interest in Property (DE 54) be DENIED as MOOT; and (5) the Request for Oral Argument (DE 62) be DENIED as MOOT.

### Notice of Right to Object

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T.K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(c). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 27 day of December, 2006.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

Copies to:

Honorable Daniel T. K. Hurley

AUSA A. Marie Villafaña

David. G. Vinikoor, Esq. (counsel for Defendant)

James S. Telepman, Esq. (counsel for third-party Carol Torres)
712 U.S. Highway One, Suite 400
North Palm Beach, FL 33404